RAFAEL U. LANGE, Plaintiff and Appellee, *v.* ALEJANDRINA HONORÉ RIVERA ET AL., Defendants and Appellants.

No. 7741. Argued May 23, 1938.—Decided May 31, 1938.

*Enrique Báez García* for appellants.   *José Sabater* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

After the judgment rendered by the district court in this case had been affirmed by this Supreme Court (51 P.R.R. 690), the successful party, on the 9th of August, 1937, filed a memorandum of costs which included six items: five concerning costs and expenses amounting to $106, and another, the sixth, concerning attorney's fees which were fixed at $5,000. The defeated plaintiff accepted the first, fourth, and fifth items but objected to the others. The court denied the objections to items 2 and 3, and reduced the sixth item to $600. The present appeal was taken from the decision of the lower court rendered on March 17, 1938, and the plaintiff has moved to dismiss the appeal on the ground that the same is frivolous.

The question to be considered and decided is stated by the appellee in the following terms:

"The plaintiff and appellee alleges that the appellant defendants took an appeal from the decision of the District Court of Mayagüez approving the memorandum of costs in the manner expressed, modifying the item with regard to attorney's fees, which appeal was filed and notified to the plaintiff's attorney on March 19, 1938; but that although evidence was taken at the hearing on the memorandum of costs, . . . no statement of the case or transcript of the evidence has been filed by them within the term prescribed by law in order to enable this Supreme Court to review such evidence and determine whether or not the lower court, in granting to the defendants the sum of $600 as attorney's fees, committed an abuse of discretion; . . . . and, therefore, the appeal is frivolous or academic for lack of a basis on which to decide it."

The appellants opposed the dismissal on the strength of Rule 40(c) of this court which provides:

"In an appeal from an order approving a memorandum of costs where the evidence and other proceedings have in an appeal from the judgment itself been previously presented to this court in a bill of exceptions, statement of the case, transcription of the stenographer's notes, or in other due form, the appellant, to show the facts, may rely on the record theretofore presented to this court and such further documentation or evidence properly incorporated as may in the consideration of the memorandum have been presented to the trial court."

We are of the opinion that giving the rule its proper interpretation, that is, even if we considered the special transcript prepared to perfect the appeal from the decision regarding the payment of certain amounts for costs and attorney's fees as supplemented by the transcript brought up when the appeal was taken from the judgment on the merits in the action within which said costs were imposed, there would still be lacking the last evidence which was introduced in court at the hearing on the memorandum for the purpose of fixing the amount of attorney's fees, to wit, the testimony of Attorney Enrique Báez García.

The record is incomplete. The fact that the testimony of Attorney Báez was given with regard to matters of record,. does not mean that such testimony is not necessary in order to place this court in the same position in which the lower court was when it rendered its decision of March 17th last.

On the other hand, if the record is regarded as complete, in view of the information that we have concerning the same and also the circumstances which surrounded the case, we consider ourselves as fully prepared to conclude that the amount finally fixed by the trial judge was neither unjust. nor arbitrary. We have read the extensive brief filed by the appellants to support their appeal and the motion by which they oppose the dismissal requested by the appellee, and its reading has not led us to change our opinion.

When this court decided the appeal on the merits, the error with regard to costs was decided in the following terms:

"There is a sixth error as to costs.. We feel that the lower court committed no abuse of discretion in awarding costs to the defendants." 51 P.R.R. 697.

The plaintiff moved for a rehearing and his motion was disposed of as follows:

"We are not at all convinced that the costs should not be imposed in this case especially as in addition to the matter of prescription, the court below, as affirmed by us, held that the amount of $3,800 paid to the Doctor was in total settlement of his claim. Nevertheless, the appellant, will have the opportupnity to urge when the memorandum of costs is filed, the limitation of the fees and a subsequent appeal." 51 P.R.R. 697.

If our views were not then expressed in more precise language it was because we knew that, according to our own decisions, the trial court had a second opportunity to pass upon the obstinacy of the party charged with the payment of attorney's fees at the moment of determining, when the memorandum should be presented, the exact amount to be paid. *Castro v. Societé Anonyme Des Sucreries*, 34 P.R.R.

546; *Miranda* v. *P. R. Railway L. & P. Co.,* 50 P.R.R. 373; *Heirs of Villegas* v. *Central Victoria, Inc.,* 49 P.R.R. 494; *Trujillo* v. *López,* 49 P.R.R. 326; *Rodríguez* v. *Sánchez,* 48 P.R.R. 229.

To allow the proceeding to continue when we are convinced that it will not be successful, would be to consciously delay the administration of justice. The motion to dismiss provides us with an opportunity to terminate it and we shall do so by granting said motion, in the first place, on the ground that inasmuch as the record is incomplete the appellants have not placed this court in the same situation in which the district court was when it exercised its discretion in fixing the attorney's fees at $600, and, in the second place, because after passing upon the record now before us we are of the opinion that the decision appealed from should prevail, as the amount was fixed after taking into consideration not one but all of the surrounding circumstances, which do not reveal that degree of obstinacy on the part of the plaintiff which is necessary to justify the payment of the total value of the services rendered to the defendants by this attorney.

Therefore, the dismissal sought must be ordered and, consequently, the decision appealed from affirmed.